UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21031-CIV-SEITZ/O'SULLIVAN

JOSE ANGEL CRUZ RODRIGUEZ,

        Plaintiff,

vs.

M.I. QUALITY LAWN
MAINTENANCE, INC., *et al.*,

        Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant's Motion for Summary Judgment [DE-12], in which Defendants move for summary judgment on all of Plaintiff's Fair Labor Standards Act (FLSA) claims. Plaintiff's one count complaint alleges that Defendants violated the FLSA by failing to pay Plaintiff overtime wages. Defendants move for summary judgment on all claims arguing that there is no evidence that Plaintiff was entitled to any overtime wages. Because there is no evidence of that Defendants violated the FLSA, Defendants' motion is granted.

## I. Facts

Plaintiff began working for Defendants in October 2005. (Compl. ¶13.) The Complaint alleges that during his employment Plaintiff has worked an average of 50 hours per week but was not paid the premium overtime rate for the hours worked beyond 40. (*Id.*) The Complaint further alleges that this failure was willful and intentional. (*Id.* at ¶14.) After filing this lawsuit Plaintiff quit. (Plaintiff Dep.[1] 5:9-16.)

---

[1] Plaintiff Dep. refers to the deposition of Plaintiff filed at DE-13-1.

According to Plaintiff, during his employment with Defendants, he worked 45 hours or more per week during the years 2005, 2006, and most of 2007. (*Id.* at 8:12-20.) However, starting in 2008, there was a lot less work. (*Id.* at 18:10-13.) In order to keep track of his time, Plaintiff punched a time clock. (*Id.* at 8:21-23.) Plaintiff always used the time clock during the entire time he was employed by Defendants. (*Id.* at 8:24-9:2.) During the last two plus years of Plaintiff's employment, from the pay period ending February 1, 2008 through the pay period ending March 26, 2010, he never worked more than 40 hours per week. (DE-13-2 & 3, pay stubs and time cards for Plaintiff's last two years of employment.)

Plaintiff filed his complaint on April 1, 2010. (DE-1, Complaint.) In the complaint Plaintiff alleges that Defendants' failure to pay him overtime was "willful and intentional." (DE-1 at ¶14.) In their answer, Defendants specifically deny this allegation. (DE-9, Answer and Affirmative Defenses at ¶14.) As their Fourth Affirmative Defendants, Defendants state that "all actions taken by Defendants were performed in good faith and based upon reasonable grounds, wherein Defendants believed the practices to be in full compliance with all applicable law." (DE-9, Fourth Affirmative Defense.) As their Thirteenth Affirmative Defense, Defendants state "that as to those allegations which are outside of the applicable statute of limitations period, Plaintiffs' claims are barred." (DE-9, Thirteenth Affirmative Defense.)

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party

demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

**III. Analysis**

Defendants move for summary judgment because Plaintiff's last two years of time cards indicate that he never worked more than 40 hours a week and any claims prior to April 1, 2008 are barred by the two year statute of limitations. Thus, because Defendants did not violate the FLSA, they could not have willfully violated the FLSA. In response, Plaintiff argues that Defendants cannot claim that their actions were not willful if they did not raise that as an

affirmative defense, that the issue of willfulness is a question of fact for the jury, and Defendants' actions were willful.

First, the Court notes that Plaintiff has not disputed that from April 1, 2008 forward he never worked more than 40 hours per week and thus is not entitled to overtime. Nor has Plaintiff presented any evidence to the contrary. Therefore, the real issue before the Court is whether the 2 year or three year statute of limitations applies. If the 2 year statute applies, Defendants are entitled to summary judgment on all claims. If the 3 year statute applies, an issue of fact exists as to whether Plaintiff is owed overtime for the period from April 1, 2007 to April 1, 2008. Because there is no evidence of willfullness, the two year statute of limitations applies and Defendants are entitled to summary judgment.

The burden is on Plaintiff to establish that Defendants acted willfully. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008). Plaintiff argues that Defendants have presented no evidence that their actions were not willful. However, Defendants have presented unrebutted evidence establishing that Plaintiff is not entitled to overtime from the period of April 1, 2008 forward. Thus, because there was no violation of the FLSA as to Plaintiff, there cannot be any willful violation of the FLSA. Plaintiff has presented no evidence to the contrary. Simply alleging that Defendants acted willfully is not enough to defeat summary judgment. Plaintiff must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. Plaintiff has not done so.

Plaintiff's argument that Defendants waived the defense of the two year statute of limitations fails. First, Defendant did explicitly state as affirmative defenses that Plaintiff's

claims are barred to the extent they are outside the applicable statute of limitations and that Defendants believed that they were in compliance with all applicable law. Thus, Defendants did raise the statute of limitations and the lack of willfullness as affirmative defenses. Furthermore, in their answer Defendants denied the specific allegation that they had acted willfully. This is enough to have put Plaintiff on notice that Defendants intended to raise the two year statute of limitations as a defense. Consequently, Defendants did not waive their right to raise the statute of limitations as an affirmative defense. Therefore, because Defendants properly asserted the statute of limitations as an affirmative defense and because there is no evidence that Defendants acted willfully, which would result in an extended limitations period, Defendants are entitled to summary judgment on all of Plaintiff's claims. Accordingly, it is hereby

ORDERED that:

1. Defendant's Motion for Summary Judgment [DE-12] is GRANTED.

2. The Court will enter a separate judgment.

3. This case is CLOSED

DONE and ORDERED in Miami, Florida, this 7th day of March, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record