UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21031-CIV-SEITZ/SIMONTON

JOSE ANGEL CRUZ RODRIGUEZ,

        Plaintiff,

v.

M.I. QUALITY LAWN
MAINTENANCE, INC., et al.,

        Defendants.
_____/

REPORT AND RECOMMENDATION RE:
DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

        Presently pending before the Court is Defendants' Motion for Attorneys' Fees and

Additional Costs (DE # 32).  The Motion has been fully briefed (DE ## 36, 37).  The

Honorable Patricia A. Seitz, United States District Judge, has referred the Motion to the

undersigned Magistrate Judge for a Report and Recommendation (DE ## 11, 29).  For the

reasons stated below, the undersigned recommends that the Motion be denied.

        I.        BACKGROUND

        On April 1, 2010, this action commenced when Plaintiff Jose Angel Cruz

Rodriguez ("Rodriguez") filed a one-count Complaint alleging that Defendants violated

the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 to 219

("FLSA") (DE # 1).  Rodriguez worked for Defendants, from October 2005 through the

commencement of this suit, as a driver and trash pick-up person (DE ## 1 at 3; 23 at 1-2;

27 at 4).  Rodriguez alleges in his Complaint that, "[d]uring Plaintiff's period of

employment with Defendants, Plaintiff worked an average of 50 hours a week and was

not paid the premium overtime rate for all hours worked above 40 in a workweek."  (DE #

1 at 3).  Rodriguez also alleges that Defendants' violations were willful and intentional

(DE # 1 at 3).

During his deposition in this case, Rodriguez described in greater detail the hours he worked.  Specifically, he stated that he often worked 45 hours or more per week during the years 2005, 2006 and 2007, but that he only averaged 27 to 30 hours per week beginning in 2008, and was down to three to four hours per week by the time he quit in 2010 (DE # 13-1 at 4, 7).

Defendants ultimately moved for summary judgment (DE # 12).  In response, Plaintiff argued, *inter alia*, that Defendants' violations of the overtime provisions, while not occurring during the two-year statute of limitations, occurred within the three-year statutory period described by 29 U.S.C. § 255, which was appropriate to consider since the violations were willful (DE # 16 at 1-2).  Use of the three-year period was appropriate, Plaintiff continued, because Plaintiff had testified to violations during 2007, and Defendants were on notice, at least as early as September 2007, when another former employee filed an FLSA action against Defendants, that the FLSA provisions applied to their employment practices (DE # 16 at 7).[1]  Based on these facts, Plaintiff declared, "it can at least be argued that Defendants had knowledge at that point in time as to the overtime laws and yet continued to pay Plaintiff…in violation of the [FLSA]."  (DE # 16 at 9).  Plaintiff concluded, based on this issue of material fact, that summary judgment was inappropriate (DE # 16 at 9).

The Court granted summary judgment in favor of Defendants (DE # 23 at 1).  The Court held that Plaintiff was not entitled to damages because he had presented no evidence that Defendants were liable for violations (DE # 23 at 1).  Specifically, the Court found that the only evidence in the record demonstrated that Plaintiff never worked more than 40 hours per week for at least the two years before he filed suit (DE # 23 at 2, 4).  Moreover, because the Court also found no evidence of willfulness, the Court held that

---

[1] Plaintiff identifies the other federal suit as *Basulto v. Mitchell's Lawn Maintenance Corp., et al.*, Case No. 07-22493-CIV-HUCK, in the Southern District of Florida.

the two-year (as opposed to the three-year) statute of limitations was appropriate (DE # 23 at 4).  After the Court entered Final Judgment for Defendants and against Plaintiff (DE # 24), Defendants filed their Motion for Attorneys' Fees and Additional Costs (DE # 32).

## II.    DEFENDANTS' MOTION FOR FEES AND COSTS

Defendants argue that they are entitled to fees and costs, pursuant to the Court's inherent power to sanction, due to Plaintiff's "frivolous" lawsuit that "had no basis whatsoever."  (DE # 32 at 2, 3, 5).  Defendants cite several actions to support their Motion.  First, Defendants assert that Plaintiff's counsel failed to reasonably investigate the factual bases for Plaintiff's Complaint.  Next, Defendants point out that Plaintiff sought no discovery, although Defendants provided the information required of them by the Federal Rules of Civil Procedure in regard to Defendants' time records (DE ## 32 at 2, 6-7; 37 at 5-7).  Defendants further state that, in response to their Motion for Summary Judgment, Plaintiff "attempted to draw attention to irrelevant information regarding the 2007 year and a lack of documentation for attempting to reach trial," presumably referring to Plaintiff's framing of the willfulness issue, as summarized above  (DE # 32 at 2).  Defendants declare that, because the evidence, including Plaintiff's own deposition testimony, clearly demonstrated that Plaintiff had no basis to assert overtime claims for the two years prior to suit, Plaintiff's actions clearly evidenced bad faith (DE # 32 at 4-5).  Defendants add that a bad faith finding as to Plaintiff is supported by his deposition testimony that he blamed Defendants for discord in his personal life (DE # 32 at 5).  Defendants conclude that Plaintiff has prosecuted this case in bad faith, intentionally pursuing false claims, and, accordingly, should be sanctioned (DE ## 32 at 2-3; 37 at 3).

In response, Plaintiff, first, argues that Defendants fail to identify a statutory or other basis providing for an award of sanctions (DE # 36 at 1-2).  Plaintiff further argues that Plaintiff's counsel's willingness to consolidate discovery matters in this case with

the four related cases[2] demonstrates his intent to minimize fees and costs for the parties (DE # 36 at 2).  Plaintiff also contends that Defendants improperly withheld from production Plaintiff's time records, which represented his hours worked, and misled Plaintiff to believe that such records did not exist (DE # 36 at 2-4, 6, 9-10).  Next, Plaintiff reiterates his willfulness argument due to the Defendants' being on notice, based upon the earlier filed *Basulto* case (DE # 36 at 4-5).  In addition, Plaintiff points out that his deposition testimony as to his hours worked and wages paid during 2007 provides a basis for a claim that Defendants did not comply with the FLSA's overtime provisions during 2007 (DE # 36 at 5).  Finally, Plaintiff emphasizes that "merely because the District Court disagreed with Plaintiff's analysis as to willfulness [in the Order Granting Motion for Summary Judgment], [that] does not mean that Plaintiff acted in bad faith."  (DE # 36 at 10).

III.   **LAW AND ANALYSIS**

A.   **Legal Standard – the Court's Inherent Power to Sanction**

The Court has the inherent authority to sanction counsel and parties for their actions.  *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991) (citations omitted).  This authority is based, in part, on courts' inherent need to effectively manage the cases before them, and secure the proper functioning of the judicial system, by promoting parties' compliance with court orders, judgments and procedures.  *Id.*  Specifically, a court may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Id.* at 45-46.  However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."  *Id.* at 44.

---

[2] The cases referred to include the following, all in the Southern District of Florida: *Rodriguez Melgar, et al. v. M.I. Quality Lawn Maintenance, Inc., et al.*, Case No. 09-22243-CIV-SEITZ; *Leon, et al. v. M.I. Quality Lawn Maintenance, Inc., et al.*, Case No. 10-20506-CIV-SEITZ; *Phillips, et al. v. M.I. Quality Lawn Maintenance, Inc., et al.*, Case No. 10-20698-CIV-SEITZ; and *Solorzano v. M.I. Quality Lawn Maintenance, Inc., et al.*, Case No. 10-20975-CIV-SEITZ.

The key to a finding of sanctions pursuant to the court's inherent authority is bad faith. *Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (finding that the "key to unlocking a court's inherent power is a finding of bad faith"). Courts find bad faith where, *inter alia*, "an attorney knowingly or recklessly raises a frivolous argument." *Barnes*, 158 F.3d at 1214. Accordingly, this inquiry requires a court to find, as an initial matter, that a party's claim is frivolous.[3]

The undersigned notes that, while the rules and statutes permitting the imposition of sanctions may only reach certain individuals or conduct, "the inherent power extends to a full range of litigation abuses" and "exist[s] to fill in the interstices." *Peer*, 606 F. 3d at 1314. Thus, the inherent power of a court "'can be invoked even if procedural rules exist [that] sanction the same conduct,' for these rules are not substitutes for the inherent power." *Id.* (citing *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1575 (11th Cir.1995) (citation omitted); *see also Spolter v. SunTrust Bank*, 403 Fed. Appx. 387, 390 (11th Cir. 2010).

    B.    <u>Analysis – Plaintiff's Actions Do Not Warrant Exercise of the Court's Inherent Authority</u>

Defendants request that the Court invoke its inherent power to sanction Plaintiff and his counsel for their actions. At the outset, the undersigned emphasizes that, except as described below, the Court need not embark upon an analysis of Plaintiff's Complaint in order to reach a conclusion regarding Defendants' Motion for Attorneys' Fees and Additional Costs, nor is a review of the Court's bases in awarding summary judgment in favor of Defendants necessary or appropriate, as the legal standard before the Court on

---

[3] *Barnes* counsels that a bad faith finding is also appropriate when an attorney "argues a meritorious claim for the purpose of harassing an opponent…[or] by delaying or disrupting the litigation or hampering enforcement of a court order." *Id.* Defendants, however, do not contend that Plaintiff has raised a meritorious claim, nor do they argue that Plaintiff delayed or disrupted this proceeding, or hampered enforcement of some (unidentified) court order. There is no suggestion in the pleadings that Plaintiff filed his Complaint for any other purpose but to seek relief against the Defendants for FLSA violations. Therefore, the undersigned focuses on Defendants' claim of frivolity.

summary judgment is different than that before the undersigned on Defendants' Motion, as further explained below.  The legal standard for the Court to exercise its inherent power simply does not necessitate such an in-depth review of the dispute between these parties.  The undersigned, however, must examine the merits of Plaintiff's Complaint to some extent in order to determine whether the Court should exercise its inherent authority to sanction Plaintiff for his actions.

In this regard, the undersigned analyzes the statute of limitations applicable to the alleged violations contained in Plaintiff's Complaint.  Specifically, the undersigned focuses on the statutory period applicable to allegedly willful violations that allegedly occurred during a three-year period before suit was filed, but not within a two-year period before suit was filed.  As noted above, 29 U.S.C. § 255(a) provides that a cause of action "may be commenced within two years after the cause of action accrued, …except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  The following cases offer insight as to the appropriate statutory period.

In *Knight v. Columbus, Ga.*, 19 F.3d 579, 584 (11th Cir. 1994), the court evaluated the claim of a group of employees who had been denied a wage increase that had been granted to a separate group of overtime-exempt employees.  The suit was filed on October 1, 1990, and the raise at issue occurred on July 1, 1987, more than three years beforehand.  *Id.* at 580.  In affirming the lower court's grant of summary judgment against the plaintiff-employees, the court held that plaintiffs' claims failed because, even assuming the one-time action in denying the wage increase was willful and wrongful, the plaintiffs failed to raise the claim within the three-year statutory period following that event, and the plaintiffs' subsequent paychecks did not evidence any ongoing FLSA violations in the interim.  *Id.* at 584.

Also, in *Redman v. U.S. West Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir. 1998), the Eighth Circuit affirmed summary judgment against appellants who had brought FLSA claims for wages they allegedly should have received for recertification training.  The court held, "Even if we assume that the violation was willful, because appellants completed the certification more than three years prior to filing suit, their claims were untimely." *Id.*

Finally, in *Abate v. District of Columbia*, 659 F. Supp. 2d 156, 159 (D.D.C. 2009), the district court, first, noted that the alleged violations had accrued when a given paycheck did not include the proper compensation for the preceding pay period.  The court noted, because the latest possible pay period at issue was more than three years before suit was filed, the claims were barred by § 255(a).  *Id.*

As to the willfulness component, a plaintiff must prove that his employer "either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162-63 (11th Cir. 2008) (citation omitted).  For the reasons described below, the undersigned need not delve any further into the legal bases underpinning Plaintiff's claims.

The undersigned recommends that the Court not exercise its inherent power to sanction Plaintiff for fees and costs because, upon a review of Plaintiff's Complaint and his Response in Opposition to summary judgment, the undersigned finds a non-frivolous basis for the alleged FLSA violations.  Specifically, Plaintiff argues that his testimony provided evidence of FLSA violations during 2007 (which, at least in part, would be during the three-year period prior to suit).  Moreover, Plaintiff contends that, because of the earlier FLSA case against Defendants filed in 2007, Defendants were on notice of their need to comply with the FLSA, and they willfully failed to do so, supporting invocation of the three-year statute of limitations.  While both parties acknowledge that

7

Defendants did not violate the overtime provisions of the FLSA with regard to Plaintiff during the two years prior to suit, the parties dispute whether Defendants are liable for alleged violations during the time period that would represent the earliest third year of a three-year statutory period.

While Defendants contend that "Plaintiff's arguments concerning willfulness…have no bearing on this matter [of Defendants' Motion]" (DE # 37 at 7), the undersigned disagrees.  As the cases above suggest, Plaintiff's claim – that Defendants could be liable pursuant to § 255(a) for willful violations of the FLSA occurring within three years before suit was filed, even if no FLSA violations could be identified during the two years prior to suit – is not frivolous.  In this respect, Plaintiff testified that overtime wages were improperly withheld during the third year in question, and Plaintiff contends that the earlier *Basulto* case, filed in September 2007, could have been a basis to argue notice and, thus, the willfulness of Defendants' actions.

Curiously, Defendants have argued that a court must, first, determine the willfulness of actions occurring during the two-year period before looking at actions outside the two-year period (DE # 18 at 4-6).  This appears to be in direct contravention to the plain language of the statute.  Accordingly, Defendants do not otherwise devote their energies to responding to the above allegations, arguing that they are irrelevant as they fall outside the two-year period.  This line of reasoning, however, does not comport with the cases cited above (and others the undersigned has reviewed), nor do the cases that Defendants cite in their Reply in support of summary judgment (DE # 18 at 4-6) appear to support their alternative reading of § 255(a).  Defendants' line of reasoning would lead to the conclusion that, as long as an employer did not willfully violate the FLSA (or did not violate it at all) during the two-year period prior to suit, then the employer may willfully have violated the FLSA during the third year of a three-year statutory period without incurring liability, despite the clear language of § 255(a) "that a cause of action arising

8

out of a willful violation may be commenced within three years after the cause of action accrued."  Based upon the previously discussed cases, however, the undersigned finds that the Plaintiff could allege FLSA violations against Defendants for the three-year statutory period on a non-frivolous basis; and, therefore, the undersigned recommends that the Court abstain from exercising its inherent power to award sanctions in this case.

The undersigned does not intend to suggest that Defendants should not have been awarded summary judgment.  Plaintiff's apparent failure to sufficiently conduct discovery did not bode well for his chances to survive a summary judgment ruling, and the Court noted the lack of evidence presented.  The undersigned does not seek to divine why Plaintiff conducted his case in this fashion.  The legal standard for summary judgment, however, is not the standard before the undersigned.  The undersigned simply concludes that Plaintiff was not without a non-frivolous claim, which is all the undersigned needs to reach.  *See Barnes*, 158 F.3d at 1214 (stating that court's consideration of party's bad faith focuses on party's pursuit of a frivolous claim).[4]  This finding precludes a determination that Plaintiff's claims were, thus, deserving of sanctions pursuant to the Court's inherent powers.  *See Id.*

Moreover, while Plaintiff's counsel's due diligence in researching Plaintiff's Complaint (or lack thereof) has been challenged, the undersigned finds that Plaintiff would have likely proceeded no differently, had his initial claim comported with the facts of the case, as discussed above.  Thus, Plaintiff presumably would have proceeded under a comparable complaint for a claim of willful violation of the FLSA during the time included in the three-year statutory period.  The undersigned does not wish to offer any excuse for what appears to be counsel's questionable due diligence and discovery

---

[4] In this regard, the undersigned also notes in passing that Defendants had asserted the frivolity of Plaintiff's Complaint in their Motion for Summary Judgment (DE # 12 at 5), declaring their entitlement to costs, but the Court's Order Granting Motion for Summary Judgment makes no finding as to frivolity.

practices but, in sum, they would not equate to a finding that Plaintiff has prosecuted a frivolous case.  *See Chambers*, 501 U.S. at 44 (noting that, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion").[5]

IV.     <u>CONCLUSION</u>

Therefore, for the reasons stated above, and upon a review of the record as a whole, it is hereby **RECOMMENDED** that Defendants' Motion for Attorneys' Fees and Additional Costs (DE # 32) be **DENIED**.

The parties will have fourteen days from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers, in Miami, Florida, on February 7, 2012.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
U.S. MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

The Honorable Patricia A. Seitz,
        U.S. District Judge
All counsel of record

---

[5] Because the undersigned finds that Defendants are not entitled to an award of sanctions, the undersigned does not reach the issue of the proper amount of fees or costs to be assessed.  Likewise, because the undersigned concludes that Plaintiff's Complaint is not frivolous, the undersigned, *a fortiori*, does not reach the issue of distinguishing between counsel and Plaintiff's actions to determine who should bear any sanctions.