UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21031-CIV-SEITZ/SIMONTON

JOSE ANGEL CRUZ RODRIGUEZ,

      Plaintiff,

v.

M.I. QUALITY LAWN
MAINTENANCE, INC., et al.,

      Defendants.

_____/

<u>REPORT AND RECOMMENDATION RE:</u>
<u>GRANTING, IN PART, DEFENDANTS' MOTION TO TAX COSTS</u>

      Presently pending before the Court is the Motion to Tax Costs, with an attached Bill of Costs, filed by Defendants M.I. Quality Lawn Maintenance, Inc., Mitchell's Lawn Maintenance Corp. and Mitchell Igelko (DE # 26).  Plaintiff Jose Angel Cruz Rodriguez has filed a Response in Opposition to the Motion (DE # 30), and the Defendants have filed a Reply (DE # 33).  The Honorable Patricia A. Seitz, United States District Judge, has referred the Motion to the undersigned Magistrate Judge for a Report and Recommendation (DE ## 11, 29).  Based upon a thorough review of the record and, for the reasons stated herein, the undersigned recommends that the Motion be granted, in part.

      I.     <u>BACKGROUND</u>

      On April 1, 2010, this action commenced when Plaintiff Jose Angel Cruz Rodriguez ("Rodriguez") filed a one-count Complaint alleging that Defendants violated the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 to 219 ("FLSA") (DE # 1).  Rodriguez worked for Defendants, from October 2005 through the commencement of this suit, as a driver and trash pick-up person (DE ## 1 at 3; 23 at 1-2; 27 at 4).  Rodriguez alleged in his Complaint that his working hours averaged more than

40 hours per week, yet he was not paid overtime wages in accordance with the FLSA (DE # 1 at 3). Rodriguez also alleged that Defendants' violations were willful and intentional (DE # 1 at 3). In their Answer and Affirmative Defenses, the Defendants denied the material allegations of the Complaint and raised several affirmative defenses (DE # 9). The Defendants ultimately moved for, and the Court granted, summary judgment in favor of the Defendants (DE # 23 at 1). After the Court entered Final Judgment for Defendants and against Plaintiff (DE # 24), Defendants filed their Motion to Tax Costs, with an attached Bill of Costs (DE ## 26, 26-1).

    II.      **THE MOTION TO TAX COSTS AND ATTACHED BILL OF COSTS**

        A.    **The Parties' Positions**

      Defendants state that they were granted summary judgment and, thus, argue that they are entitled to costs enumerated under 28 U.S.C. § 1920 as the prevailing parties pursuant to Fed. R. Civ. P. 54(d) (DE # 26 at 1). According to the Bill of Costs, Defendants seek costs totaling $597.85, which include: (a) $382.80 for printed or electronic transcript fees relating to Plaintiff's deposition, (b) $115.05 for photocopies, and (c) $100.00 for interpretation services (DE ## 26-1). The attachments to the Motion include an itemization of costs and invoices. The Motion does not include any further detail as to the bases for Defendants' costs. In their Reply, however, the Defendants provide justification for their costs. Specifically, with regard to the photocopies, the Defendants assert that all of them can be accounted for by a review of the record (DE # 33 at 2-3). In addition, Defendants deny that they improperly withheld documents during discovery, and see no basis for delaying an award of costs in this case simply because discovery in this case had been consolidated with discovery in four other cases that are still pending (DE # 33 at 1-2, 3-4). [1]

---

[1] The cases referred to include the following, all in the Southern District of Florida: *Rodriguez Melgar, et al. v. M.I. Quality Lawn Maintenance, Inc., et al.*, Case No. 09-22243-

Plaintiff argues that, because the costs sought are associated with discovery in the four related cases, costs should not be allocated and awarded in this case until the other cases are resolved (DE # 30 at 1).  Next, Plaintiff asserts that defense counsel's alleged gamesmanship in not producing Plaintiff's time records precludes any award of costs in Defendants' favor (DE # 30 at 1-2).  Finally, as to the specific costs, Plaintiff contends that certain costs should be reduced or disallowed because they were not incurred necessarily for use in this case (DE # 30 at 2).

Plaintiff challenges certain costs.  With respect to the copying costs, Plaintiff states that Defendants purportedly have made 767 copies, but none has ever been produced to Plaintiff.  Moreover, Plaintiff is unable to review these copies to determine whether they were copied for this case or one of the four related cases (DE # 30 at 2).  Finally, even if all copies were for this case, Plaintiff adds, Defendants fail to justify the large number (DE # 30 at 3).

Plaintiff also takes issue with costs associated with Plaintiff's deposition.  Specifically, Plaintiff argues that court reporter appearance fees are not recoverable pursuant to 28 U.S.C. § 1920.  In addition, Plaintiff finds excessive the per page cost of the deposition transcript, which appears to be $9.40 per page, whereas Plaintiff asserts that the "industry norm" is $3.50 to $4.00 per page.  Finally, Plaintiff challenges a shipping and handling fee for the transcript which, Plaintiff argues, is not recoverable under § 1920 (DE # 30 at 3).  Plaintiff concludes that he should not be taxed more than $128.00, if at all, for the deposition transcript (DE # 30 at 4).

Plaintiff has not objected to the cost of interpretation services.

---

CIV-SIMONTON; *Leon, et al. v. M.I. Quality Lawn Maintenance, Inc., et al.*, Case No. 10-20506-CIV-SIMONTON; *Phillips, et al. v. M.I. Quality Lawn Maintenance, Inc., et al.*, Case No. 10-20698-CIV-SIMONTON; and *Solorzano v. M.I. Quality Lawn Maintenance, Inc., et al.*, Case No. 10-20975-CIV-SIMONTON.

B.   **Legal Standard**

Rule 54(d) of the Federal Rules of Civil Procedure states that prevailing parties are entitled to costs "unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise."  As a result, "there is a presumption that the prevailing party will be awarded costs."  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). However, any costs awarded by a court pursuant to Rule 54(d) may not exceed the parameters of 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).   Under 28 U.S.C. § 1920, the following may be taxed as costs:

   (1)  Fees of the clerk and marshal;

   (2)  Fees for printed or electronically recorded transcripts necessarily
         obtained for use in the case;

   (3)  Fees and disbursements for printing and witnesses;

   (4)  Fees for exemplification and the costs of making copies of any
         materials where the copies are necessarily obtained for use in the case;

   (5) Docket fees under section 1923 of [Title 28 of the U.S. Code];

   (6) Compensation of court appointed experts, compensation of
        interpreters, and salaries, fees, expenses, and costs of special
        interpretation services under section 1928 of [Title 28].

If the losing party challenges the requested costs, he has the burden of showing that the costs are not taxable unless "the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party."  *Monelus v. Tocadrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

C.   **Analysis**

   1.   **Entitlement to Costs**

In order to be a prevailing party, one need only "obtain some relief on the merits of his claim."  *Buckhannon Bd. & Care Home, Inc., v. West Virginia Dep't of Health & Human Servs.*, 532 U.S. 598, 604 (2001).  In this case, the Court granted the Defendants'

Motion for Summary Judgment (DE # 12).  Thus, the Defendants are the prevailing parties and are entitled to costs.  The Plaintiff does not dispute this contention.

At the outset, the undersigned rejects Plaintiff's claim that Defendants are not entitled to costs due to their behavior during discovery, specifically, with regard to the Defendants' alleged failure to produce Plaintiff's time records.  As Defendants note, Plaintiff unsuccessfully raised this claim of impropriety with the Court during summary judgment (DE # 16 at 7 n.2).  Then, Plaintiff raised this claim again in response to Defendants' Motion for Attorneys' Fees and Additional Costs (DE # 32), which the undersigned concluded did not affect the analysis of Defendants' Motion contained in the related Report and Recommendation (DE # 38).  Likewise, the undersigned concludes that the alleged improprieties do not rise to such a level to threaten Defendants' entitlement to costs pursuant to § 1920.  *Cf. Vallecillo v. Wall to Wall Residence Repairs, Inc.*, No. 08-22271-CIV, 2009 WL 837652, at *1-*3 (S.D. Fla. Mar. 27, 2009), cited by Plaintiff (finding that counsel's repeated failures to follow rules of procedure, lack of candor with the court, and "judge shopping" actions provided the court a strong basis to overcome the presumption of costs in favor of the prevailing party).  Thus, the undersigned finds that Plaintiff has not overcome the presumption "that the prevailing party will be awarded costs."  *Mathews*, 480 F.3d at 1276.

In addition, the undersigned rejects Plaintiff's argument that costs should not be awarded at this time since the case at bar is related to four other pending cases.  As Defendants note, Plaintiff does not identify, nor is the undersigned aware of, any legal authority supporting Plaintiff's position.  Therefore, the undersigned turns to an analysis of the amount of costs appropriately taxed against Plaintiff.

### 2.    Deposition Costs

The Defendants request $382.80 in deposition costs, which include (a) $300.80 for the 32-page transcript (an original and one copy), (b) $62.50 for the court reporter fee,

and (c) $19.50 for shipping and handling (DE # 26-1 at 3, 4).  Defendants argue that the amount for the transcript is excessive, and that the other two costs are not taxable pursuant to § 1920.

A deposition is necessarily obtained for use in the case if it is used in support of a prevailing party's motion for summary judgment, even if the deposition was only minimally used in support of the motion or was not crucial to the party's success.  *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000).  In this case, with regard to summary judgment, Defendants relied upon, and the Court made reference to, the transcript of Plaintiff's deposition, as the transcript describes the hours Plaintiff worked while employed by Defendants (DE ## 12 at 3-4; 23 at 2).

Aside from Plaintiff's general objections noted above, Plaintiff does not deny that the deposition transcript is taxable.  Instead, Plaintiff asserts that the amount for the transcript is excessive; specifically, the transcript cost $9.40 per page whereas, Plaintiff continues, $3.50 to $4.00 per page is the "industry norm."  In this regard, the undersigned points out that the invoice, in its "Notes" section, states, "Ordered same day expedite"; it further indicates that defense counsel requested an original of the transcript as well as one additional copy (DE # 26-1 at 4).

First, the undersigned notes that there is a conflict among courts in this Circuit as to the taxability of transcript copies.  *See Monelus*, 609 F. Supp. 2d at 1338 (recognizing this conflict).  Deposition costs incurred merely for counsel's convenience, however, are not taxable.  *E.E.O.C.*, 213 F.3d at 620 (citation omitted).  Therefore, the undersigned concludes that the initial inquiry is whether the certified copy of the deposition obtained was necessarily obtained for use in this case.  In the case at bar, Defendants do not address why a copy of the transcript, in addition to the original, was necessary, nor is such necessity apparent from the record.  The undersigned concludes that it was obtained for the convenience of the parties and, thus, is not recoverable.

6

Moreover, Defendants do not justify the "same day expedite" basis of the transcript order and, importantly, whether such preparation was necessary. This expedited preparation likely contributed to the excessive $9.40 per page rate charged to Defendants. In the experience of the Court, $4.00 per page is a reasonable rate for the standard preparation of a deposition transcript. Therefore, instead of $300.80 for the 32-page transcript, the undersigned recommends that Plaintiff be taxed $128.00, which provides for preparation of the original transcript at a rate of $4.00 per page.

With regard to the court reporter fee, Plaintiff argues that such costs are not taxable. Other courts have found to the contrary. *See, e.g.*, *Powell v. The Home Depot, U.S.A., Inc.*, No. 07-80435-CIV, 2010 WL 4116488, at *9 (S.D. Fla. Sept. 14, 2010) (noting that attendance fees of court reporters may be taxed); *Arias v. Alpine Towing, Inc.*, No. 10-20434-CIV, 2011 WL 4102530, at *2 (S.D. Fla. Sept. 15, 2011) (taxing court reporter fees where depositions were necessarily obtained for use in the case); *Martinez-Pinillos v. Air Flow Filters, Inc.*, No. 09-22453-CIV, 2010 WL 6121708, at *6 (S.D. Fla. Dec. 22, 2010) (taxing court reporter attendance fee). The undersigned finds these cases persuasive. As the court in *Martinez-Pinillos* stated, "If a court reporter charges an attendance fee then that fee must be paid for the deposition to take place; it is strictly 'necessary.'" *Martinez-Pinillos*, 2010 WL 6121708, at *6 (quoting *E.E.O.C.*, 213 F.3d at 620). Therefore, the undersigned recommends taxing the $62.50 court reporter fee against Plaintiff.

As to the fee for shipping and handling, although 28 U.S.C. § 1920(2) authorizes courts to tax costs associated with deposition fees, cases decided by various district courts in the Eleventh Circuit are in conflict as to whether a party can recover costs associated with delivery fees for deposition transcripts. *See Monelus*, 609 F. Supp. 2d at 1338. Some courts have held that delivery fees for deposition transcripts can be taxable. *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1298 (M.D. Fla.2000) (holding that reasonable costs associated with depositions, such as postage for the mailing of

transcripts, may be taxed); *Smith v. Quintiles Intern.*, No. 04-657-CV, 2007 WL 2412844, at *4, *4 n.12 (M.D. Fla. Aug. 21, 2007) (holding normal postage charges for delivering deposition transcripts may be reasonable); *Ferguson v. Bombardier Services Corp.*, No. 03-544-CV, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007) (holding handling, processing, and delivery fees for deposition transcripts are taxable).  Other courts have held that costs associated with delivering deposition transcripts are "ordinary business expenses and may not be charged in relation to obtaining transcripts." *See Woods v. DeAngelo Marine Exhaust Inc.*, No. 08-81579-CIV, 2010 WL 4116571, at *8 (S.D. Fla. Sept. 27, 2010) (denying costs where prevailing party made no attempt to demonstrate that the delivery costs were necessary and not for the mere convenience of counsel); *George v. Florida Dept. of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008) (same).

In the case at bar, the Plaintiff simply challenges whether the fee for shipping and handling may be taxed.  The undersigned notes that, given the "same day expedite" preparation of the transcript, the Defendants likely paid a premium for the shipping and handling fee, in addition to the per page rate discussed above.  In addition, if the charge was based on weight, it covered both the original and one copy of the transcript.  It was the Defendants' burden to provide the Court with an explanation of the charges that was sufficient for the Court to determine whether this was a necessary and reasonable charge.  Since the Defendants failed to do so, and it appears that the charge included non-recoverable expenses, this charge is disallowed in its entirety.

### 3.   Photocopying Costs

The Defendants request $115.05 for photocopying fees (DE # 26-1 at 2).  Plaintiff complains that 767 copies is excessive, given the circumstances of this case, and that the Defendants fail to justify this excessive number (DE # 30 at 2-3).  The Defendants reply that they filed 131 pages of payroll records with their Motion for Summary Judgment, which they then, copied for their files.  In addition, the Defendants refer to 56

pages of documents Plaintiff filed with a motion for extension of time.  Defendants continue that this totals 318 pages, and the remaining 449 copies are not unreasonable, given a review of the record (DE # 33 at 3).

Title 28 U.S.C. § 1920(4) allows prevailing parties to recover "fees for the exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  As stated by the Eleventh Circuit Court of Appeals, "like with depositions, in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."  *E.E.O.C.*, 213 F.3d at 623.  The costs of photocopies attributable to discovery, as well as copies of pleadings, correspondence, copies of exhibits and copies prepared for the court may all be recoverable; the key is whether they were necessarily obtained.  If they were obtained only for the convenience of counsel, the costs for such copies are not recoverable.  *Florida Keys Citizen Coalition, Inc. v. U.S. Army Corp. of Eng'rs*, 386 F. Supp. 2d 1266, 1270 (S. D. Fla. 2005).

The undersigned agrees that 767 copies is excessive for this case.  Defendants cite 131 pages of copies of payroll records filed in support of their Motion for Summary Judgment, but the record reflects that only 112 pages of such records were filed (DE ## 13-2, 13-3).  Moreover, the undersigned concludes that any subsequent copies of the payroll records for Defendants' files would be for the convenience of the Defendants and, thus, are not taxable.  In addition, the undersigned does not agree that Defendants' copies of Plaintiff's electronically filed exhibits to his motion for extension of time were necessary, since Plaintiff's filing would have necessarily (by virtue of the CM/ECF system) provided Defendants with an electronic copy of all such documents.  Finally, a review of the record, generally, does not provide justification for the remaining hundreds of copies Defendants incurred; the case remained relatively simple and contains limited

filings, and there is no other apparent basis to justify the large number.  Therefore, the undersigned recommends that Plaintiff be taxed for 112 pages, totaling $16.80.

III.   **CONCLUSION**

Therefore, for the reasons stated above, and upon a review of the record as a whole, it is hereby **RECOMMENDED** that Defendants' Motion to Tax Costs (DE # 26) be **GRANTED, IN PART, and DENIED, IN PART**, and that the Defendants be awarded a total of $307.30 in costs, which consists of (a) $190.50 in deposition costs, (b) $16.80 in photocopying costs, and (c) $100.00 for interpretation services.

The parties will have fourteen days from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers, in Miami, Florida, on February 9, 2012.

*Andrea M. Simonton*

ANDREA M. SIMONTON
U.S. MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

The Honorable Patricia A. Seitz,
        U.S. District Judge
All counsel of record

10