UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21031-CIV-SEITZ/SIMONTON

JOSE ANGEL CRUZ RODRIGUEZ.,

    Plaintiff,

vs.

M.I. QUALITY LAWN
MAINTENANCE, INC., *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING MAGISTRATE REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon the Report and Recommendation Re: Denying Defendants' Motion for Attorneys' Fees and Costs [DE-39], in which Magistrate Judge Simonton recommends denying Defendants' request for fees based on Plaintiff's alleged bad faith. The Magistrate Judge found that Plaintiff's complaint was not frivolous and, thus, recommended that the Court not exercise its inherent power to assess fees and costs against Plaintiff. Defendants have filed objections to the Magistrate Judge's Report and Recommendation. Because Plaintiff's actions did not rise to the level of bad faith, the Report and Recommendation is affirmed and adopted and Defendants' Motion for Attorneys' Fees and Additional Costs is denied.

### I. Background

Plaintiff filed a one count complaint against Defendants seeking unpaid overtime wages, pursuant to the Fair Labor Standards Act (FLSA). The complaint alleged that Plaintiff was employed by Defendants from October 22, 2005 through the filing of the complaint on April 1,

2010. Plaintiff alleged that he worked an average of 50 hours per week but was not paid at the overtime rate for the hours in excess of 40 hours. The complaint also alleged that Defendants' failure to properly pay Plaintiff was willful and intentional.

At his deposition, Plaintiff testified that during 2005, 2006, and almost all of 2007, he often worked more than 45 hours per week. However, beginning in 2008, Plaintiff's hours decreased to less than 40 hours per week.

Defendants moved for summary judgment because the evidence showed that Plaintiff did not work more than 40 hours per week for the two years preceding the filing of the suit and because there was no evidence to support a finding of willfulness.[1] In response to the motion for summary judgment, Plaintiff argued that summary judgment should not be granted because Defendants failed to plead their lack of willfulness as an affirmative defense, the issue of willfulness is a question of fact for the jury, and Defendants' actions were willful. The Court granted summary judgment in favor of Defendants, in part, because the burden was on Plaintiff to establish willfulness and Plaintiff failed to produce any evidence of willfulness. While the Plaintiff's opposition to the summary judgment motion referred to a prior filed case against Defendants that should have put Defendants on notice of FLSA violations, Plaintiff failed to present any evidence regarding the prior suit, such as the complaint in that suit or deposition testimony from a Defendant acknowledging the suit.

Defendants now seek their fees and some costs. Defendants assert that Plaintiff's suit was frivolous and filed in bad faith and thus warrants the imposition of fees and costs.

---

[1] A finding of willfulness would have allowed Plaintiff to recover for unpaid overtime going back three years from the filing of the suit, instead of only two years.

## II. Analysis

The Court has inherent power to sanction parties and their counsel for their actions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). This authority comes from the need for courts to be able to control and manage their affairs in order to achieve the orderly and expeditious disposition of cases. *Id.* Thus, a court may assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id.* at 45-46. The "key to unlocking" the Court's inherent powers to sanction is a finding of bad faith. *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010). The bad faith standard looks at the attorney's objective conduct. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010). Even if a Court finds an attorney acted with bad faith, the imposition of sanctions pursuant to a court's inherent powers is a matter of discretion. *Chambers*, 501 U.S. at 44.

The Magistrate Judge found that, because Plaintiff's claim was not frivolous, the Plaintiff's actions did not amount to bad faith and, thus, did not warrant the imposition of sanctions under the Court's inherent power. Defendants object to this finding. Defendants argue that Plaintiff knowingly filed a complaint that was unsupported by any evidence and that there was no evidence to support Plaintiff's claim of willfulness. Neither party disputes that for the two years prior to filing suit, Plaintiff did not work in excess of 40 hours per week. However, when Plaintiff filed his suit, Defendants had previously been sued under the FLSA and Plaintiff relied on the prior suit to establish willfulness and thereby extend the statute of limitations to three years. At his deposition, Plaintiff testified that through almost the end of 2007 he worked more than 40 hours a week. Defendants did not rebut this testimony. Thus, Plaintiff's claim was

3

not frivolous. Plaintiff had some basis for his willfulness allegation[2] and some evidence to support his claim that he worked over 40 hours per week at times during the three years prior to filing suit. Consequently, Plaintiff's actions do not rise to the level of bad faith.

Having reviewed, *de novo*, the Report and Recommendation, Defendants' Objections [DE-43], and the record, it is

ORDERED that:

1) The above-mentioned Report and Recommendation [DE-39] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order; and

2) Defendants' Motion for Attorney's Fees and Additional Costs [DE-32] is DENIED.

DONE and ORDERED in Miami, Florida, this 28th day of February, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record

---

[2] While Plaintiff apparently did not conduct discovery on the willfulness issue or submit any evidence in opposing summary judgment that would support his allegations of willfulness, that does not make the claim frivolous. It may, however, raise questions about how counsel chose to conduct this case